Schlueter, Kwiat & Kennedy LLLP

MICHAEL H. SCHLUETER 8534
JASON R. KWIAT        9188
ANDREW M. KENNEDY   9734
75-167 Kalani Street, Suite 201
Kailua-Kona, Hawaii 96740
Tel. No. (808) 987-7275
Fax No. (808) 443-0339
inquiries@kona-lawyer.com

Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 22-00047 LEK |
| | ) | |
| | ) | DEFENDANT'S MOTION FOR |
| | ) | JUDGMENT OF ACQUITTAL |
| vs. | ) | PURSUANT TO FRCP RULE 29(C); |
| | ) | CERTIFICATE OF SERVICE |
| | ) | |
| | ) | |
| BRYAN M. BRANDENBURG, | ) | Judge:  Hon. Leslie E. Kobayashi |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**DEFENDANT'S MOTION FOR JUDGEMENT OF ACQUITTAL
PURSUANT TO FRCP RULE 29(C)**

COMES NOW, defendant, BRYAN M. BRANDENBURG ("Defendant"),

by and through counsel, ANDREW M. KENNEDY, of SCHLUETER, KWIAT, &

KENNEDY LLLP, and moves for Judgment of Acquittal pursuant to Federal

Rules of Criminal Procedure Rule 29(c)[1]

The basis for this motion is as follows:

1.    Defendant was convicted of Counts 1 through 7 of the indictment on July

21, 2023.

2.    In the light most favorable to the Government, there was insufficient

evidence presented at trial to justify a verdict of guilt.

3.    Specifically, with respect to the following counts:

a.    Count 1: There was insufficient evidence to show that Defendant

acted with the requisite state of mind to qualify for the subjective

intent prong for threatening language as required by 18 U.S.C. §875.

Defendant sent the email forming the basis for this count to people

who had familiarity with Defendant in a context that Defendant did

not think would be viewed as a true threat.  While the reaction of

Megan Clark and Lynett McKinney as not being fearful for their

safety is not in itself determinative of whether a threat was sent, it

goes to the context as to the subjective intent of the sender and what

his perceived reaction would be, and in this case there was

insufficient state of mind that Defendant's actions qualified as a true

threat, specifically as to his state of mind.

---

[1](c) After Jury Verdict or Discharge.
(1) Time for a Motion. A defendant may move for a judgment of acquittal, or renew such
a motion, within 14 days after a guilty verdict or after the court discharges the jury,
whichever is later.
Fed. R. Crim. P. 29

b.  Count 2:  There was insufficient evidence to show that Defendant acted with the requisite state of mind to qualify for the subjective intent prong for threatening language as required by 18 U.S.C. §875 and the willful threatening prong of §844(e), and that there was insufficient evidence that Defendant acted with a malicious state of mind for the maliciously convey false information prong of 18 U.S.C. §844(e).[2]

This Count alleged that an email sent on May 4, 2022 (the same email as the basis for Count 1) was either willfully threatening or maliciously conveyed false information regarding an explosive.  Defendant contends that the evidence provided at trial was insufficient to justify the verdict as he did not have the state of mind required for a threat (he was sending the emails to persons he knew as a means to get attention and did not expect this to be taken seriously as a threat in the context they were sent), nor did he act maliciously (he had a purpose and/or justification, as he was trying to get his story to the public.  Additionally, Defendant did not act with an "evil purpose of motive.")

c.  Count 3:  There was insufficient evidence to show that Defendant acted with the requisite state of mind to qualify for the subjective intent prong for threatening language as required by 18 U.S.C. §875

---

[2] Defendant notes that he objected to the jury instruction of "Malicious" ("the intent to do the prohibited act and has no justification or excuse") as the instruction provided diluted meaning of malice to an impermissibly low standard.

and the willful threatening prong of §844(e), and that there was
insufficient evidence that Defendant acted with a malicious state of
mind for the maliciously convey false information prong of 18 U.S.C.
§844(e).

This Count alleged that an email sent on May 4, 2022 (Utah State Capitol)
was either willfully threatening or maliciously conveyed false information
regarding an explosive.  Defendant contends that the evidence provided at trial
was insufficient to justify the verdict as he did not have the state of mind required
for a threat (he was sending the emails to persons he knew as a means to get
attention and did not expect this to be taken seriously as a threat in the context
they were sent), nor did he act maliciously (he had a purpose and/or justification,
as he was trying to get his story to the public.  Additionally, Defendant did not act
with an "evil purpose of motive.")

Additionally Defendant submits that there was insufficient evidence
presented that a reasonable person would take this threat seriously as no evidence
was presented from any persons involved to show any reaction or context as to
how this information was received, thus falling short on the objective standard
prong.

d.    Count 4:  There was insufficient evidence to show that Defendant
acted with the requisite state of mind to qualify for the subjective
intent prong for threatening language as required by 18 U.S.C. §875

and the willful threatening prong of §844(e), and that there was
insufficient evidence that Defendant acted with a malicious state of
mind for the maliciously convey false information prong of 18 U.S.C.
§844(e).

This Count alleged that an email sent on May 4, 2022 (Mayor's Office) was
either willfully threatening or maliciously conveyed false information regarding an
explosive.  Defendant contends that the evidence provided at trial was insufficient
to justify the verdict as he did not have the state of mind required for a threat (he
was sending the emails to persons he knew as a means to get attention and did not
expect this to be taken seriously as a threat in the context they were sent), nor did
he act maliciously (he had a purpose and/or justification, as he was trying to get
his story to the public.  Additionally, Defendant did not act with an "evil purpose
of motive.")

Additionally Defendant submits that there was insufficient evidence
presented that a reasonable person would take this threat seriously as no evidence
was presented from any persons involved to show any reaction or context as to
how this information was received, thus falling short on the objective standard
prong.

    e.    Count 5:  There was insufficient evidence to show that Defendant
acted with the requisite state of mind to qualify for the subjective
intent prong for threatening language as required by 18 U.S.C. §875
and the willful threatening prong of §844(e), and that there was

insufficient evidence that Defendant acted with a malicious state of mind for the maliciously convey false information prong of 18 U.S.C. §844(e).

This Count alleged that an email sent on May 4, 2022 (Ivy League Schools and MIT) was either willfully threatening or maliciously conveyed false information regarding an explosive.  Defendant contends that the evidence provided at trial was insufficient to justify the verdict as he did not have the state of mind required for a threat (he was sending the emails to persons he knew as a means to get attention and did not expect this to be taken seriously as a threat in the context they were sent), nor did he act maliciously (he had a purpose and/or justification, as he was trying to get his story to the public.  Additionally, Defendant did not act with an "evil purpose of motive.")

Additionally Defendant submits that there was insufficient evidence presented that a reasonable person would take this threat seriously as no evidence was presented from any persons involved to show any reaction or context as to how this information was received, thus falling short on the objective standard prong.  By all indications, none of these 9 locations were even notified of the statement.

      f.      Count 6:  There was insufficient evidence to show that Defendant acted with the requisite state of mind to qualify for the subjective intent prong for threatening language as required by 18 U.S.C. §875 and the willful threatening prong of §844(e), and that there was

insufficient evidence that Defendant acted with a malicious state of

mind for the maliciously convey false information prong of 18 U.S.C.

§844(e).

This Count alleged that an email sent on May 4, 2022 (USDC San Diego)

was either willfully threatening or maliciously conveyed false information

regarding an explosive. Defendant contends that the evidence provided at trial

was insufficient to justify the verdict as he did not have the state of mind required

for a threat (he was sending the emails to persons he knew as a means to get

attention and did not expect this to be taken seriously as a threat in the context

they were sent), nor did he act maliciously (he had a purpose and/or justification,

as he was trying to get his story to the public. Additionally, Defendant did not act

with an "evil purpose of motive.")

Additionally Defendant submits that there was insufficient evidence

presented that a reasonable person would take this threat seriously as no evidence

was presented from any persons involved to show any reaction or context as to

how this information was received, thus falling short on the objective standard

prong. By all indications, none of these 9 locations were even notified of the

statement.

      g.     Count 7: There was insufficient evidence to show that Defendant

acted with the requisite state of mind to qualify for the subjective

intent prong for threatening language as required by 18 U.S.C. §875

and the willful threatening prong of §844(e), and that there was

insufficient evidence that Defendant acted with a malicious state of

mind for the maliciously convey false information prong of 18 U.S.C.

§844(e).

This Count alleged that an email sent on May 6, 2022 (Hall Labs and

University of Utah) was either willfully threatening or maliciously conveyed false

information regarding an explosive.  Defendant contends that the evidence

provided at trial was insufficient to justify the verdict as he did not have the state

of mind required for a threat (he was sending the emails to persons he knew as a

means to get attention and did not expect this to be taken seriously as a threat in

the context they were sent), nor did he act maliciously (he had a purpose and/or

justification, as he was trying to get his story to the public.  Additionally,

Defendant did not act with an "evil purpose of motive.")

It should be noted that this May 6, 2022 email was sent after Defendant

received no response or indication with respect to his May 4, 2022 emails that

anybody had taken those seriously, furthering his belief that nobody would take

the May 6, 2022 emails seriously as threats.  Nobody from the University of Utah

or Hall Labs were included on the email.

For the reasons stated herein, Defendant requests a Judgment of Acquittal pursuant to Federal Rules of Criminal Procedure Rule 29.


DATED:    Kailua-Kona, Hawaii, July 21, 2023


Schlueter, Kwiat & Kennedy LLLP

BY:    /s/ Andrew M. Kennedy
       COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

ANDREW M. KENNEDY hereby certifies that by the method of service noted below, a true and correct copy of the foregoing was served on the following on   July 21, 2023.

Served electronically through CM/ECF to all parties of record.

DATED:    July 21, 2023, at Kailua-Kona, HI

/s/ Andrew M. Kennedy
ANDREW M. KENNEDY
Counsel for Defendant